UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CECIL WALLACE                                                                                            PLAINTIFF

v.                                                                       CIVIL ACTION NO. 3:13CV-1053-S

LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT, et al.                                                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, Louisville/Jefferson County Metro Government ("Louisville Metro") and Louisville Metro Police Department ("LMPD"), to dismiss this civil rights action for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). The plaintiff, Cecil Wallace, has not responded to the motion.

Wallace filed suit against Louisville Metro, LMPD, and unknown and unserved "John Doe" police officers. He alleges that during the execution of a search warrant on October 10, 2012, unknown officers of LMPD assaulted and seriously injured him. He alleges assault and battery, excessive force, outrageous conduct, mental distress, pain and suffering, state statutory violations, and violations of the Kentucky and United States Constitutions. He seeks compensatory and punitive damages, costs, and attorney fees. Louisville Metro and LMPD have moved to dismiss the the action on the ground that it fails to state a claim upon which relief can be granted. We construe the motion as seeking dismissal as against the two named entities only. The individual officers are unnamed and unserved, but the 120-day service period has not yet expired. Fed.R.Civ.P. 4(m).

Rule 7.1(c) of the Joint Local Rules of Civil Practice for the Eastern and Western Districts of Kentucky (2009) provides that "Failure to timely respond to a motion may be grounds for granting the motion." Upon review of the defendants' arguments, the court concludes that the motion to dismiss should be granted.

The defendants raise four salient points in support of their motion to dismiss.

LMPD is not an entity which may be sued. Louisville Metro is therefore the proper party to address Wallace's claims. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

In *Jewish Hospital Healthcare Services, Inc. v. Louisville/Jefferson County Metro Government*, 270 S.W.3d 904, 907 (Ky.App. 2008), the court stated that

> "Immunity from suit is a sovereign right of the state." *Foley Construction Company v. Ward*, 375 S.W.2d 392, 393 (Ky. 1963). "The General Assembly may, by law, direct in what manner and in what courts suits may be brought against the Commonwealth." Kentucky Constitution, Section 231. A county "is a political subdivision of the Commonwealth as well, and as such is an arm of the state government. It too, is clothed with the same sovereign immunity." *Cullinan v. Jefferson County*, 418 S.W.2d 407, 408 (Ky. 1967), *overruled on other grounds by Yanero v. Davis*, 65 S.W.3d 510, 527 (Ky. 2001). Therefore, absent an explicit statutory waiver, Metro Government is entitled to sovereign immunity.

Wallace has not disputed the defendants' assertion that Louisville Metro has not waived its immunity from suit for state law claims of assault and battery, negligence, or violation of KRS 446.070. Wallace's state law claims must therefore be dismissed.

There can be no vicarious liability of Louisville Metro for the conduct of its officers under 42 U.S.C. § 1983. *Board of the County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997)("We have consistently refused to hold

municipalities liable under a theory of *respondeat superior*."), *citing Oklahoma City v. Tuttle*, 471 U.S. 808, 818, 105 S.Ct. 2427, 2433, 85 L.Ed.2d 791 (1985).

In order to state a claim for violation of 42 U.S.C. § 1983, Wallace must allege that the officers' purported unconstitutional conduct was the result of an official policy establishing or condoning that conduct or inadequate training concerning proper procedures. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018 (1978). Wallace's complaint states that

> The City and Louisville Metro Police Department have established policies and procedures for employees regarding the use of force and conducting a search on a warrant, which policies were not followed and/or, in the alternative, they do not have sufficient policies and procedures in order for citizens and detainees to be safe and secure.

Compl., ¶ 35, and

> The fact that Wallace was injured is evidence of negligence of Louisville Metro Police Department and staff with respect to a Louisville Metro Police Department officer training program consistent with the standards promulgated under various KRS and other related statutory provisions and Kentucky regulations. Had Louisville Metro Police Department and/or the City properly trained staff, Wallace would not have been injured.

Compl., ¶ 50.

To overcome a motion to dismiss, a complaint must contain sufficient facts to state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). As explained in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009),

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [*Twombly, supra.*] at 556, 127 S.Ct. 1955. The plausibility

standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id..*, at 557, 127 S.Ct. 1955 (bracket omitted).

Wallace's complaint is devoid of facts concerning a policy or custom purportedly giving rise to unconstitutional conduct, and thus does not meet the requirement that a plaintiff plead factual content establishing more than a sheer possibility that a defendant acted unlawfully. Here, although he pleads that he was injured at the hands of unknown and unnamed officers, Wallace has plead no facts to support a claim of deficient policies and procedures. Similarly, Wallace has pled no facts concerning inadequate training. Again, the mere allegation that an injury occurred at the hands of police officers does not *ipso facto* state a claim against the municipality employing them. Louisville Metro can be held liable only under facts which have not been pled here. *See Weathers v. Anderson*, 2012 WL 1593136 (W.D.Ky. May 4, 2012)(merely stating in complaint "failure to properly train officials led to these deprivations" insufficient to impose liability on city); *Iqbal, supra.*

While we must take the complaint's factual allegations as true in making this assessment, we need not accept the truth of legal conclusions or draw unwarranted factual inferences. *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *citing Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000); *New London Tobacco Market, Inc. v. Kentucky Fuel Corp.*, 2013 WL 6628785 (E.D.Ky. Dec. 16, 2013)(citing *DirectTV* in *Iqbal/Twombly* analysis). Consequently, the court concludes that Wallace has failed to state a claim upon which relief can be granted.

For the reasons state herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendants, Louisville/Jefferson

County Metro Government and Louisville Metro Police Department, to dismiss (DN 4) is **GRANTED** and the complaint is hereby **DISMISSED WITH PREJUDICE AS TO THEM.**

**IT IS SO ORDERED.**

January 2, 2014

**Charles R. Simpson III, Senior Judge
United States District Court**